Martínez Fernández & Cía., S. en C., Plaintiff and Appellee, v. José García, Defendant and Appellant.

No. 9605. Argued February 3, 1948.—Decided March 12, 1948.

*R. A. Arroyo Ríos* for appellant. *R. Dávila Ortiz* and *Faustino R. Aponte* for the appellee.

Mr. Justice Marrero delivered the opinion of the Court.

The appellant herein urges as an only error that the District Court of Humacao erred ''in adjudging the defendant to pay to the plaintiff interest accrued on the sum of $95.14, at the rate of 6 per cent per annum, from the filing of the complaint up to the rendition of the judgment, and the costs of this action.''

The record shows that on September 9, 1935, the plaintiff Martínez Fernández & Cía., *S. en C.*, filed a complaint in the District Court of Humacao, in which it alleged having granted a crop loan to defendant José García for the sum of $2,000, which the debtor received in several instalments, and that of this amount the defendant had paid $1,304.86 and owed a balance of $695.14, with interest thereon up to the date of the filing of the complaint, amounting to $71.16. In said complaint, it was prayed that the defendant be adjudged to pay said sum, together with $71.16, as accrued interest thereon, and any interest that might accrue from the filing of the complaint to the total payment of the indebtedness, as well as the sum of $250 fixed for costs, disbursements, and attorney's fees of the plaintiff.

On October 23 of that same year, the defendant answered and, after denying all the averments of the complaint, he set up as a special defense that he had only received as a loan from the plaintiff $1,400; that of that amount he had paid $1,304.86, together with the corresponding interest thereon, and that he only owed $95.14, "which the defendant is and always has been willing to pay to the plaintiff . . ." In the prayer of the answer it is requested that the court "render judgment in this case ordering the defendant to pay to the plaintiff the sum of $95.14, dismissing the remaining particulars of the complaint, and imposing costs on the plaintiff."

The record also shows that on February 18, 1936, a writ demanding payment was issued and that, in virtue thereof, three days later, two properties of the defendant containing 5 and 9 acres (*cuerdas*), respectively, planted with sugar cane including ratoons, were attached.

Thereafter, eight years elapsed without either party taking any further step in the case until April 26, 1943, when, for some reason not disclosed by the record, the plaintiff firm filed a so-called amended complaint, which is a literal copy of the one filed on September 9, 1935. The defendant did not answer said amended complaint until June 5, 1945. This delay of more than two years is not explained either. It might be said that the answer to the amended complaint is a literal copy of the answer filed on October 23, 1935, to the original complaint.

On June 7, 1945, the plaintiff filed a "Request for Admission," pursuant to the provisions of Rule 36(a) of the Rules of Civil Procedure, requesting in virtue thereof that the defendant admit (1) the granting and receipt of the crop loan for $2,000; (2) the registration thereof in the Registry of Agricultural Contracts of the District of Humacao; (3) the fixing in the crop loan contract of the sum of $250 for costs,

disbursements, and attorney's fees; (4) the payment of only $1,304.86 on account of said loan and the existence of a balance of $695.14 plus $71.16 as interest thereon up to the date of the filing of the complaint, as well as any interest that might subsequently accrue; and that a copy of the crop loan deed is attached to the record. In answer to that request the defendant denied having received the $2,000 mentioned by the plaintiff, and on the contrary alleged that he had only received $1,400; he admitted paragraphs 2, 3, and 5 of the request; of paragraph 4, he admitted having paid, on account of the crop loan, the sum of $1,304.86, and alleged that the loan was limited to the said sum of $1,400, and that he only owed $95.14, maintaining also that the accrued interest had been paid to the plaintiff before the complaint was filed.

It was not until July 30, 1947, that the trial of the case was held. Upon deciding it 15 days later, the lower court rendered an opinion in which it set forth and analyzed the evidence introduced by both parties and reached the conclusion that the defendant José García owed to the plaintiff firm only the sum of $95.14, together with interest thereon at the rate of 6 per cent per annum from the filing of the complaint. It rendered judgment accordingly and included a pronouncement of costs. By virtue of the appeal taken by the defendant, the case is now before us.

 The lower court has not committed the error assigned. Although the appellant in his brief cites §§ 313 and 336 of the Code of Civil Procedure, he forthwith admits, however, that they are not applicable to the case, as they were repealed by Rule 68 of the Rules of Civil Procedure.[1] He

---

[1] There was no such repeal. The Rules of Civil Procedure are applicable to those cases and proceedings which are specifically mentioned in Rule 81. The Code of Civil Procedure has continued in full force and effect as to those cases and remedies to which the Rules of Civil Procedure are not applicable.

then refers to the above-mentioned rule [2] and maintains that, in view of the form in which his answer is drafted, the prayer which appears at the end thereof, is equivalent to "the offer of judgment" mentioned in said rule. We do not agree.

Although the original complaint was filed at a time when the provisions of the Code of Civil Procedure were applicable to ordinary actions of this kind, there is nothing to show that the defendant, notwithstanding the prayer of his answer, complied at that time with the provisions of §§ 313 and 336 of that Code. On the other hand, it can not at all be said, as the defendant contends, that the attachment levied on the properties owned by him was equivalent to the deposit referred to in the second of the above-mentioned Sections, or that substantial compliance was had with either of them. The action was pending for years [3] and when on September 1943 the Rules of Civil Procedure took effect, the same were applicable to it, not only because it was expressly so provided in Rule 86,[4] but also because of the applicability of procedural statutes to proceedings pending at the time such

---

[2] "Rule 68.—Offer of Judgment.—At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after such service the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. If the offer is not so accepted it shall be deemed withdrawn and evidence thereof is not admissible. If the adverse party fails to obtain a judgment more favorable than that offered, he shall not recover costs from the time of the offer but shall pay costs from that time, all without prejudice to the allowance of attorney's fees if, in the opinion of the court, any of the parties has proceeded obstinately."

[3] "Section 348.—An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

[4] "Rule 86.—Effective Date.—These rules will take effect on September 1, 1943. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending would not be feasible or would work injustice, in which event the former procedure applies."

statutes take effect. *Royal Bank* v. *Tax Court*, 65 P.R.R. 324, 329; *Vivó* v. *Medina*, 65 P.R.R. 821, 826; *López* v. *South P. R. Sugar Co.*, 62 P.R.R. 227, 232; and *Mason* v. *White Star Bus Line*, 53 P.R.R. 320, 323. Under those circumstances, since this action was pending on September 1, 1943, the provisions of the above-mentioned rules are applicable thereto.

■ It will be recalled that, as we have already indicated, in the original answer it was stated "that the defendant is and has always been willing to pay to the plaintiff the total amount of his debt, to wit, $95.14," and prayer was made for a judgment "ordering the defendant to pay to the plaintiff the sum of $95.14, dismissing the remaining particulars of the complaint, and imposing costs on the plaintiff." Likewise it will be recalled that in the answer to the so-called amended complaint similar allegations to those contained in the original answer were set up, and that the prayer thereof was textually the same as that of the original answer. Also, that in answer to the Request for Admission the defendant denied the amount of the debt claimed, or that he owed interest up to the filing of the complaint, and accepted owing to the plaintiff the sum of $95.14. However, Rule 68 goes further than the action taken by the defendant. It is not enough that in his answer he should have merely accepted owing a certain sum of money to the plaintiff and requested the court to render judgment against him for that amount. Or that in his answer to the Request for Admission he should have accepted owing the amount for which, after the case had been tried on the merits, judgment was rendered against him. Rule 68 requires something more. It requires, among other things, that at any time more than 10 days before the trial begins, the adverse party should be notified of *an offer* by the defendant to allow judgment to be taken against him for the money or property or to the effect specified in his offer, *with costs then accrued*. In this case the prayer of

the answer might be considered as the offer to which the said rule refers. But said offer was insufficient, since the requisite involving the obligation to pay the costs accrued at the time the offer was made was lacking. As to the costs, the defendant, far from accepting that they be imposed on him up to the time when the offer was made, as provided by Rule 68, requested in the prayer of his answer that the plaintiff be adjudged to pay them. The offer made under this rule must be an unconditional offer and should include the costs accrued up to the time it is made. Otherwise the offer will be insufficient. Moore's Federal Practice, vol. 3, p. 3363, *et seq.* Cf. *Home Ins. Co. of New York* v. *Kirkevold,* 160 F. (2d) 938, 941. Therefore, there was no offer on the part of the defendant as required by said rule.

■ Regarding the interest, it will suffice to state that, in accordance with § 1061 of the Civil Code, 1930 ed., the defendant is bound to pay the same.[5] The court awarded interest from the filing of the complaint. See *Sucs. of Pérez Bros.* v. *Sucs. of Abarca,* 33 P.R.R. 102, 104.

■ If the defendant had relied on the provisions of §§ 313 or 336 of the Code of Civil Procedure or of Rule 68 of the Rules of Civil Procedure, the imposition of costs would have been limited to the provisions of said Sections or Rule. Since he failed to do so, and since judgment was rendered in favor of the plaintiff, although only for the amount originally specified by the defendant in the prayer of his answer, costs should be awarded to the defendant pursuant to the provisions of § 327 of the Code of Civil Procedure, as amended by Act No. 94 of May 11, 1937 (Laws of 1937, p. 238).

The judgment appealed from should be affirmed.

---

[5] "Section 1061.—Should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest."